J-S28035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLEN BOWER, JR., | : | |
| | : | |
| Appellant | : | No. 381 MDA 2017 |

Appeal from the Judgment of Sentence January 31, 2017
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s):  CP-21-CR-0000524-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 23, 2018**

Michael Allen Bower, Jr. ("Bower"), appeals from the judgment of sentence imposed following his negotiated guilty plea to two counts of corruption of minors and one count of indecent assault.[1]  We affirm.

The trial court set forth the factual and procedural history underlying this appeal as follows:

> In October 2015, [Bower] had indecent contact with MB, a minor, which included the touching of MB's genitals.  Pursuant to the negotiated guilty plea, two counts of Aggravated Indecent Assault

---

[1] **See** 18 Pa.C.S.A. §§ 6301(a)(1)(i) and (a)(1)(ii), 3126(a)(8).

and one count of Indecent Assault[2] were dismissed when [Bower] pled guilty to … [the above-mentioned offenses].[FN 1]  On January 31, 2017, [Bower] was sentenced to a total of eleven and a half to twenty-three and a half months in county prison, along with three years of probation, fines, restitution, and a 25-year SORNA registration requirement.

[FN 1] [Bower] is over the age of eighteen and is between four and eight years older than the victim.

What followed after sentencing is a convoluted procedural web. On March 2, 2017, defense counsel filed a Notice of Appeal to the Superior Court of Pennsylvania.  In response, on March 8, 2017, th[e trial c]ourt directed counsel to file a [Pa.R.A.P. 1925(b)] concise statement of matters complained of on appeal within twenty-one days.  On April 11, 2017, 34 days after the Order of March 2, 2017, defense counsel filed the [c]oncise [s]tatement, raising the issue of SORNA's constitutionality for the very first time.

On April 13, 2017, this [c]ourt filed its [Pa.R.A.P.] 1925 [O]pinion, setting forth its inability to address the constitutionality issue as it had never before been raised.[FN 2]  On June [1]2, 2017, [Bower] filed an Application for Remand with the Superior Court[, asserting ineffectiveness by defense counsel for failing to file post-sentence motions and a timely Rule 1925(b) concise statement].  On June 30, 2017, the Pennsylvania Superior Court issued an Order directing th[e trial c]ourt to hold a hearing within thirty (30) days of its Order to address [Bower's] requests to file a post-sentence motion and a concise statement[,] *nunc pro tunc*. Having not received that Order in time to have a hearing within the Superior Court's deadline, th[e trial c]ourt submitted findings of fact to the Superior Court, and a determination that would

---

[2] **See** 18 Pa.C.S.A. §§ 3125(a)(1) and (a)(8), 3126(a)(1).  Notably to the instant appeal, a conviction of either of the two counts of aggravated indecent assault charged in this case requires a defendant to register for his or her lifetime as a sexual offender pursuant to the Sexual Offenders Notification and Registration Act ("SORNA").  **See** 42 Pa.C.S.A. § 9799.14(d)(7).  Additionally, we note that SORNA, which became effective on December 20, 2012, was recently amended, on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018, and as further amended, on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

permit [Bower] to file a post-sentence motion[,] *nunc pro tunc*. [On July 17, 2017, Bower filed his Post-sentence Motion, *nunc pro tunc*.]

> [FN 2] In that [O]pinion, th[e trial c]ourt also noted that [Bower's] [C]oncise [S]tatement was filed significantly beyond the 21-day deadline.

> On July 21, 2017, the Commonwealth filed with the Superior Court an "Objection to the trial court's 'findings of fact and order' granting *nunc pro tunc* relief[" (hereinafter the "*nunc pro tunc* Objection"),[3] in response] to which [Bower] filed an Application to Strike on August 4, 2017. The Commonwealth did not respond to the Application to Strike, and the Superior Court entered an Order on September 13, 2017[,] directing th[e trial c]ourt to hold a hearing within thirty (30) days to address the [P]ost-sentence [M]otion[,] *nunc pro tunc*.[FN 3] That hearing was held before th[e trial c]ourt on October 10, 2017 ….

> [FN 3] In that Order, the Superior Court directed counsel as to how to proceed depending on whether th[e trial c]ourt granted or denied the [P]ost-sentence [M]otion[,] *nunc pro tunc*.

Trial Court Opinion and Order, 10/27/17, at 1-3 (some footnotes added, two footnotes in original, footnote omitted).

By an Order entered on October 27, 2017, the trial court denied Bower's Post-sentence Motion, *nunc pro tunc*. Bower then filed a timely Notice of Appeal.

Bower now presents the following issues for our review:

   A. Did the trial court err with its October 2[7], 2017 Order when it determined that *nunc pro tunc* relief should be denied, as [Bower] states a claim regarding the constitutionality[,] and thus, the legality of his criminal sentence?

---

[3] By an Order entered on August 2, 2017, this Court deferred decision on the *nunc pro tunc* Objection to the merits panel.

B. Did the trial court err when it determined that the criminal penalty provisions for both corruption of minors and indecent assault did not violate the constitutional protections of the Equal Protection Clauses of the State and Federal Constitutions "as applied" to [Bower]?

Brief for Appellant at 10 (capitalization omitted).

Preliminarily, we must address the Commonwealth's *nunc pro tunc* Objection and the propriety of the trial court's granting Bower permission to file a Post-sentence Motion, *nunc pro tunc*. The Commonwealth asserts that

> [Bower] is not entitled to *nunc pro tunc* relief because his failure to satisfy the jurisdictional time requirements was not a result of extraordinary circumstances such as fraud, a breakdown in the court's operations or non-negligent circumstances. **Criss v. Wise**, 781 A.2d 1156[, 1159] (Pa. 2001) [(setting forth the principles governing appeals *nunc pro tunc*, and stating that an appellate court may grant a party an appeal *nunc pro tunc*, in "certain extraordinary," "non-negligent circumstances")].
>
> * * *
>
> While this case does not involve an untimely appeal, but rather an untimely [P]ost-sentence [M]otion and [Rule] 1925 [S]tatement, given this dual waiver, and in light of the negotiated plea agreement and [Bower's] failure to challenge the validity of his plea, it does not appear a lesser *nunc pro tunc* standard applies. Here, [Bower] has not alleged any basis for filing his post-sentence motions[,] *nunc pro tunc*.

*Nunc pro tunc* Objection, 7/21/17, ¶¶ 12, 14-15 (paragraph break omitted).

Initially, nothing in the **Criss** decision indicates that it is applicable to *nunc pro tunc* relief insofar as post-sentence motions are concerned.

Moreover, the trial court exercised its discretion[4] in determining that Bower had presented sufficient cause to excuse his late filing of his Post-sentence Motion and Rule 1925(b) Concise Statement,[5] namely, defense counsel's admission of her ineffectiveness. We discern no abuse of the court's discretion in this regard. Finally, in its brief, the Commonwealth concedes that even if this panel were to rule that the trial court improperly permitted Bower to file a Post-sentence Motion and Concise Statement, *nunc pro tunc*, "it is likely the underlying issue would be eventually addressed by the Court within the realm of the Post Conviction Relief Act [("PCRA")]." Commonwealth's Brief at 12 n.4.[6] Therefore, we deny the Commonwealth's *nunc pro tunc* Objection.

_____

[4] **See Commonwealth v. Moore**, 978 A.2d 988, 991 (Pa. Super. 2009) (stating that "[t]o be entitled to file a post-sentence motion[,] *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion[,] *nunc pro tunc*." (citation, ellipses and emphasis omitted)).

[5] Rule 1925(b) provides, in relevant part, that, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa.R.A.P. 1925(b)(2); **see also Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009) (*en banc*) (stating that under subsection 1925(c)(3), governing remand, "the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement.").

[6] Given defense counsel's admission of her ineffectiveness, Bower would be entitled to collateral relief if he filed a timely PCRA petition asserting this matter, which would only serve to waste valuable judicial and legal resources.

In his first issue, Bower argues that the trial court erred in denying his Post-sentence Motion, *nunc pro tunc*, where the punitive sexual offender registration requirement of his sentence was rendered illegal by recent case law. **See** Brief for Appellant at 17-18. Namely, Bower cites the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that application of SORNA's longer registration periods relative to convictions which occurred in the pre-SORNA timeframe violates the *Ex Post Facto* Clause of the Pennsylvania Constitution).

Initially, we note that Bower did not reference **Muniz** in his Post-sentence Motion, *nunc pro tunc*. **See** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). Nevertheless, contrary to Bower's assertion, **Muniz** is simply inapplicable. SORNA became effective on December 20, 2012. Bower was not convicted until January 31, 2017, and was therefore always subject to SORNA's registration provisions. **See** 42 Pa.C.S.A. § 9799.15. Thus, **Muniz**, which concerns only the *retroactive* application of the SORNA registration provisions, does not apply, and Bower's first issue thus fails.

In his second issue, Bower contends that he

is entitled to relief from both the 15[-]year and the 25[-]year registration requirements [under SORNA] for corruption of minors and indecent assault, because to require [Bower] to register based upon a conviction of such crimes violates the Equal Protection [C]lauses of the state and federal constitutions "as applied" to [Bower].

- 6 -

Brief for Appellant at 19 (footnote and internal citations omitted); ***see also id.*** at 21 (pointing out that "[e]ven if a statute is determined by a court that a facial attack to the constitutionality of a statute has failed, the U.S. Supreme Court has nevertheless … acknowledged that litigants under different circumstances may bring cases attacking the same statute as applied to them.") (citing, *inter alia*, **Washington v. Glucksberg**, 521 U.S. 702, 735 n.24 (1997)).

Specifically, Bower asserts that SORNA is unconstitutional, as applied to him, insofar as there is an unlawful disparity in the registration periods applicable to different sex offenses. ***Id.*** at 24-25 (pointing out that statutory sexual assault requires no period of registration, whereas the above-mentioned offenses of which Bower was convicted do).

In connection with this claim, the trial court concisely set forth the relevant SORNA registration provisions and offenses as follows:

> On the basis of the same conduct, [Bower] pled guilty to indecent assault, … under 18 Pa.C.S. § [3]126(a)(8)[,] which provides, in relevant part, "[a] person is guilty of indecent assault if the person has indecent contact with the complainant … and the complainant is less than 16 years of age and the person is four or more years older than the complainant…." Indecent assault under [subsection] 3126(a)(8) is a misdemeanor of the second degree. 18 Pa.C.S. § 3126(b)(1). Under SORNA, indecent assault[,] under

18 Pa.C.S. § 3126(a)(8)[,] is a Tier II sexual offense,[7] requiring registration for 25 years. 42 Pa.C.S. § 9799.14(c)(1.3); 42 Pa.C.S. § 9799.15(2). However, statutory sexual assault, which is a felony of the second degree, is committed, in relevant part, "when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is … four years older but less than eight years older than the complainant." 18 Pa.C.S. § 3122.1(a)(1). [Bower] now argues that the more serious crime of statutory sexual assault requires no registration, while the "lesser" crime of indecent assault, to which he pled guilty, requires registration for 25 years.

Trial Court Opinion and Order, 10/27/17, at 3-4 (footnote added).

Preliminarily, we note that "settled Pennsylvania law provides a restraining principle that counsels against reaching a constitutional question if a non-constitutional ground for the decision is available." **Commonwealth v. Farabaugh**, 136 A.3d 995, 1001 (Pa. Super. 2016) (citations, quotation marks and brackets omitted); **see also id.** (where a convicted sex offender raised constitutional challenges to SORNA's registration/reporting requirements, declining to address such challenges where the matter could be

---

[7] As our Supreme Court explained,

SORNA added crimes to the list defined as sexually violent offenses, and established a three-tiered system for classifying such offenses and their corresponding registration periods. Tier I offenses require registration for 15 years; Tier II offenses mandate 25 years of registration; and Tier III offenses obligate an offender to register for his or her lifetime, respectively.

**Commonwealth v. Martinez**, 147 A.3d 517, 522 (Pa. 2016) (citations and quotation marks omitted).

resolved under state contract law concerning enforceability of plea agreements).

In the instant case, Bower's sentence and periods of sex offender registration were the product of a plea bargain. Concerning plea bargains, this Court has observed as follows:

> The reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [N]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, is an essential component of the administration of justice. Properly administered, it is to be encouraged. …
>
> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas.

*Id.* (citations, quotation marks, and ellipses omitted).

Here, the trial court cogently addressed Bower's instant claim as follows:

> As noted above, [Bower] was initially charged with two counts of Aggravated Indecent Assault, under 18 Pa.C.S. § 3125(a)(1) and 18 Pa.C.S. § 3125(a)(8). Under the dictates of SORNA, both of these crimes constitute a "Tier III" violation, resulting in a lifetime registration requirement. 42 Pa.C.S. § 9799.14(d)(7); 42 Pa.C.S. § 9799.15(a)(3). According to the testimony from the Assistant District Attorney ("ADA") at the hearing on the [P]ost-sentence [M]otion[, *nunc pro tunc*], she had initially offered a plea to the defense of a county prison sentence

- 9 -

with a lifetime registration requirement. In response, defense counsel requested a plea resulting in a 25-year registration requirement, and an agreement for work release. The ADA refused this counter-offer, although [she] ultimately was agreeable to [Bower] pleading guilty to the charges only requiring 25-year (as opposed to lifetime) registration, thus implicitly accepting at least that part of the counter-offer.

* * *

What [Bower] fails to address, [*i.e.*, concerning his above-mentioned claim of an Equal Protection Clause violation in SORNA], is the fact that he was not charged with Statutory Sexual Assault, but was instead charged with two different subsections of Aggravated Indecent Assault, both of which mandate lifetime registration under SORNA. It was only as a result of his negotiated guilty plea that the two more serious felony charges were dismissed, resulting in not only a less significant sentencing guideline range, but also a greatly reduced period of registration. While [Bower] attempts to argue a constitutional violation of his rights, he does so regarding an offense with which he was not charged, and which is irrelevant to his specific circumstances. Furthermore, as applied to him, a 25-year statutorily required registration requirement is not unconstitutional. While there appears to be an inconsistency between the registration requirements for statutory sexual assault and indecent assault, when reviewing statutes, it is axiomatic that "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). Furthermore, it is also accepted that "the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." 1 Pa.C.S. § 1922(2). Without evidence of contrary legislative intent, it is therefore presumed that the disparity between the registration requirements for these two statutes was done with legislative intent and is constitutional.

While the question of the statute's constitutionality[,] vis-a-vis the disparity between the registration requirements for statutory sexual assault and indecent assault[,] may be applicable and capable of being addressed in a case in which a defendant is charged with both statutory sexual assault and indecent assault, this is not the circumstance in the instant case. As "a court cannot invalidate a statute simply because it **might** be unconstitutionally applied," [Bower's] argument must fail. *Golden Triangle News,*

- 10 -

> ***Inc. v. Corbett***, 689 A.2d 974, 985 [(Pa. Cmwlth. 1997) (emphasis in original).]

Trial Court Opinion and Order, 10/27/17, at 3-5 (emphasis omitted). We agree with the trial court's sound rationale and reach the same conclusion. Bower is bound by his plea agreement, and his constitutional challenge is not properly before us. ***See Farabaugh***, ***supra***.

Accordingly, the trial court did not err in denying Bower's Post-sentence Motion, *nunc pro tunc*, and we affirm his judgment of sentence.

Judgment of sentence affirmed; Commonwealth's *nunc pro tunc* Objection denied.

Judge Olson concurs in the result.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2018

- 11 -