J-S20021-14

2016 PA Super 63

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND W. FARABAUGH | |
| Appellant | No. 1198 WDA 2013 |

Appeal from the Order Entered July 1, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000362-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and FITZGERALD, J.*

OPINION BY GANTMAN, P.J.:                    **FILED MARCH 11, 2016**

Appellant, Raymond W. Farabaugh, is before us upon remand from the Pennsylvania Supreme Court, with regard to his appeal from the Cambria County Court of Common Pleas order that dismissed his petition to enforce his negotiated plea agreement or, in the alternative, for a writ of *habeas corpus*.  For the following reasons, we reverse and remand.

The relevant facts and procedural history of this case are as follows. On September 23, 2010, Victim initiated an investigation, based on allegations that when she was under 16 years old, in 1994-1995, she worked on a farm with Appellant, who was then 25 years old.  Victim claimed Appellant would approach her from behind, grind up against her, grab her breasts, stick his hands down her pants, and rub her vagina.

_____

*Former Justice specially assigned to the Superior Court.

Victim eventually quit the job. Both parties moved on with their respective adult lives until 2010. As a result of Victim's report in 2010, and follow-up police investigation, the Commonwealth charged Appellant on January 12, 2011, with one count of aggravated indecent assault as a second degree felony and one count of indecent assault as a second degree misdemeanor.[1] Appellant and his counsel engaged in plea negotiations with the Commonwealth and struck an agreement. Appellant agreed to plead guilty to the indecent assault count as a second degree misdemeanor and a non-reportable offense under the relevant version of Megan's Law (requiring perpetrators of specified offenses to register and report to authorities), to be punishable by two years' probation, plus fines, costs, 500 hours of community service, sex offender treatment, and no contact with Victim. In exchange, the Commonwealth agreed to a *nolle prosequi* on the felony count, which was a reportable offense under Megan's Law. At the time of the plea agreement/proceeding on April 26, 2011, the parties expressly agreed Appellant's plea involved a non-reportable offense. That fact was

_____

[1] 18 Pa.C.S.A. § 3126(a)(8) (providing: (a) "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person…for the purpose of arousing sexual desire in the person or the complainant and: (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other"). This version of the statute became effective May 30, 1995, and graded Section 3126(a)(8) as a misdemeanor of the second degree.

acknowledged undisputedly on the written plea colloquy and in an email from the Commonwealth to defense counsel.

Our Supreme Court continues:

> On June 28, 2011, the trial court sentenced [Appellant] to two years' probation; at the time of sentencing, the law did not require [him] to register as a sexual offender. Later that year, amendments to Megan's Law added crimes to the list defined as sexually violent offenses, and established a three-tiered system for classifying such offenses and their corresponding registration periods. ***See*** Act of December 20, 2011, P.L. 446, No. 111, § 12 (effective December 20, 2012) (Megan's Law IV). The 2011 amendments became effective December 20, 2012; they applied to individuals who, as of that date, [had been] convicted of a sexually violent offense and were incarcerated, on probation or parole, or subject to intermediate punishment. ***See id.*** (codified as amended at 42 Pa.C.S. § 9799.13). Thus, [Appellant] was subject to the reporting and registration requirements, …and, as a Tier–II sexual offender, …was required to register for 25 years, …§ 9799.15(a)(2).[2]
>
> After [SORNA] went into effect, [Appellant] filed a "Petition to Enforce Plea Bargain/*Habeas Corpus*," arguing that ordering him to comply with the new registration and reporting requirements violated his plea agreement and

---

[2] On October 17, 2012, before the effective date of SORNA (December 20, 2012), Appellant's probation officer notified Appellant about the imminent changes per SORNA and filed a petition to terminate Appellant's probation, noting Appellant had fulfilled all of the requirements of his probation. The court denied the petition the same day. Appellant also sought relief from probation on December 6, 2012, based on the plea agreement and the impending SORNA registration/reporting requirements. The trial court scheduled a hearing for December 14, 2012, after which the court denied Appellant's petition by order filed December 17, 2012. Appellant filed an appeal from this order on December 28, 2012.

various state and federal constitutional provisions.[3]   The trial court denied the petition, and [Appellant] appealed to the Superior Court.[4]

On March 14, 2014, while the appeal was pending in the Superior Court, after the parties had submitted their briefs, the governor signed Act 19 into law, amending the provisions of Megan's Law again; the Act was effective immediately and made retroactive to December 20, 2012. *See* Act of March 14, 2014, P.L. 41, No. 19, §§ 7–8. Relevant to this appeal, Act 19 added the following provision, in pertinent part: "For purposes of this paragraph, the term 'sexually violent offense' …shall not include…[a] conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree." *Id.*, § 3 (codified at 42 Pa.C.S. § 9799.13(3.1)(ii)(B)).

The Superior Court panel *sua sponte* addressed Act 19, holding the above language exempted [Appellant] from the requirements of Megan's Law.   The panel interpreted paragraph (3.1) as excluding convictions of indecent assault as a second-degree misdemeanor from every class of registrants in 42 Pa.C.S. § 9799.13.   Thus, the panel reasoned [Appellant] "effectively never was[] subject to the Megan's Law registration requirements" because Act 19 was made retroactive to December 20, 2012—the effective date of Megan's Law IV, which [Appellant] was challenging.   *Commonwealth v. Farabaugh*, No. 1198 WDA 2013, unpublished memorandum at 4, 105 A.3d 36 (Pa.Super. filed June 17, 2014).   As a result, the panel determined [Appellant's] constitutional issues were moot, vacated the trial court's order, and remanded.

_____

[3] Appellant filed his petition to enforce plea bargain/*habeas corpus* on January 28, 2013.  That same day, he withdrew his pending appeal.

[4] The order and opinion denying Appellant's petition to enforce plea bargain/*habeas corpus* was entered July 1, 2013.  Appellant filed a timely notice of appeal from that decision on July 22, 2013.  By order filed July 29, 2013, the court directed Appellant to file a concise statement of errors complained of on appeal, which he timely filed on August 13, 2013.

The Commonwealth filed a Petition for Allowance of Appeal, and we granted review of the following question:

Whether the Superior Court erred, while acting *sua sponte*, when it incorrectly found that new amendments to 42 Pa.C.S. § 9799.13 excluded the crime of [i]ndecent [a]ssault (18 Pa.C.S. § 3126(a)(8)) from list [sic] of mandated sex offender registry crimes.

***Commonwealth v. Farabaugh***, ___ Pa. ___, 105 A.3d 655 (2014) (*per curiam*) (alterations in original)….

***Commonwealth v. Farabaugh***, ___ A.3d ___, 2015 WL 9282997, at *1−*2 (Pa. December 21, 2015). Following intense statutory construction, the Supreme Court was "constrained to reverse" this Court's decision, holding:

[T]he Superior Court erred in finding Act 19 excluded [Appellant] from registering as a sexual offender. It is clear that provision (3.1) of § 9799.13 is "a paragraph since it is illustrated by an Arabic numeral." ***Id.*** If the legislature intended the paragraph (3.1) exception to apply to each class of registrants in § 9799.13, it would have used the phrase "for purposes of this section," but that is not what the statute says, and we may not read words into an unambiguous statutory provision. ***See*** 1 Pa.C.S. § 1921(b). The phrase "for purposes of this paragraph" demonstrates the exclusion applies only to paragraph (3.1), as the word "paragraph" in this context is a technical term with a specific meaning. ***See*** 1 Pa.C.S. § 1903

***Id.*** at *5. As a result of the ***Farabaugh*** decision, the Supreme Court also indirectly called into doubt the Superior Court case of ***Commonwealth v. Bundy***, 96 A.3d 390 (Pa.Super. 2014) (relying on statutory interpretation similar to this Court's decision in the ***Farabaugh*** case, which our Supreme

Court overturned). Following reversal, the Supreme Court remanded the case to our Court to address any issues Appellant properly preserved for appeal; the matter is now before us for that resolution.

Appellant raised five issues in his brief:

> [WHETHER] THE SENTENCING COURT ERRED BY REFUSING TO HONOR THE PLEA AGREEMENT BETWEEN [APPELLANT] AND [THE COMMONWEALTH] AS A MATTER OF DUE PROCESS.
>
> [WHETHER] THE SENTENCING COURT ERRED BY NOT FINDING THE SEXUAL OFFENDER REGISTRATION AND NOTIFICATION ACT UNCONSTITUTIONAL.
>
> [WHETHER] THE STATUTE OF LIMITATIONS EXPIRED PRIOR TO THE FILING OF CHARGES CAUSING ANY CONVICTION TO BE TIME BARRED.
>
> [WHETHER] THE SENTENCING COURT ERRED IN FINDING [APPELLANT'S] PLEA WAS KNOWING, VOLUNTARY, AND INTELLIGENT.
>
> [WHETHER] [APPELLANT'S] GUILTY PLEA AND SENTENCING COUNSEL WAS INEFFECTIVE.

(Appellant's Brief at 20).[5]

For disposition, we combine Appellant's remaining arguments. Essentially, Appellant contends he agreed to plead guilty to one count of

_____

[5] Appellant raised his third, fourth and fifth issues for the first time on appeal. *See generally* Pa.R.A.P. 302(a) (providing: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Consequently, issues three through five are waived solely for purposes of this appeal. They could be raised, if necessary, under the rubric of ineffective assistance of counsel in a timely petition filed per the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.

indecent assault, as a second degree misdemeanor, to be punishable by two years' probation, plus fines, costs, 500 hours of community service, sex offender treatment, and no contact with Victim. The Commonwealth agreed to *nolle prosequi* the felony count, which was a reportable offense under the relevant version of Megan's Law. At the time of the plea proceedings, the parties agreed Appellant's plea involved a non-reportable offense under Megan's Law. Appellant contends the integrity of the plea process generally, and his in particular, compels enforcement of the plea entered. Appellant insists he relinquished his right to a jury trial, among other rights, to enter the plea agreement; and application of SORNA to his case materially undercuts the plea agreement because it subjects Appellant to reporting conditions he sought to avoid by pleading guilty.

Appellant maintains that SORNA substantially modifies his plea agreement and the impairment is unreasonable. Appellant avers his plea bargain incorporated then-existing law regarding sex offender registration, and the contracting parties understood he would not have to register as a sex offender. Appellant claims he reasonably expected to be subject to two years of probation with no Megan's Law registration. By virtue of SORNA, new terms have been unilaterally added to that bargain, terms Appellant specifically sought to avoid by pleading guilty. Appellant maintains SORNA is no incidental or minor alteration to the plea bargain, where SORNA transforms Appellant from a non-reporting offender to an offender subject to

25 years of registration and reporting. Appellant further complains that during this new, lengthy registration/reporting period, SORNA likewise dictates numerous other aspects of Appellant's life and subjects him to imprisonment for noncompliance. As such, Appellant reasons the imposition of SORNA to his case substantially alters his plea bargain.

Appellant also avers the SORNA registration/reporting requirement violates the contract clauses of the state and federal constitutions, both facially and as applied to him. Appellant offers several constitutional challenges to SORNA facially, questioning its (a) retroactivity; (b) overly broad reach to include low-level misdemeanors as well as disputes outside the realm of sex-related offenses; (c) unreasonable conditions such as in-person registration and reporting; and (d) unreasonable abrogation of settled plea bargains. For these reasons, Appellant submits the retroactive application of SORNA is facially unconstitutional and unconstitutional as applied to him in the context of his plea bargain.

Based on the foregoing, Appellant concludes he is entitled to specific performance of his plea bargain as a matter of fundamental fairness, due process, and contract law; and the trial court erred when it refused to enforce the plea agreement as entered, which plainly represents his offense as non-reportable. We agree that Appellant is entitled to specific performance of his plea bargain.

As a prefatory matter, settled Pennsylvania law provides "a restraining principle that counsels against reaching a constitutional question if a non-constitutional ground for [the] decision is available." ***Commonwealth v. Levanduski***, 907 A.2d 3, 14 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 711, 919 A.2d 955 (2007), *cert. denied*, 552 U.S. 823, 128 S.Ct. 166, 169 L.Ed.2d 33 (2007) (citing ***Com., Dept. of Transp. v. Taylor***, 576 Pa. 622, 633, 841 A.2d 108, 114 (2004); ***P.J.S. v. Pennsylvania State Ethics Com'n***, 555 Pa. 149, 153, 723 A.2d 174, 176 (1999)). ***See also In re Farnese***, 609 Pa. 543, 17 A.3d 357 (2011) (reiterating long-standing legal precedent that courts "should not reach constitutional issue if the case can properly be decided on non-constitutional grounds"); ***Commonwealth v. Kennedy***, 583 Pa. 208, 876 A.2d 939 (2005) (declining to address constitutional claim where matter could be decided under state law doctrine). In deference to this rule, we decline to address Appellant's "constitutional" arguments, because we can resolve this appeal under state law. ***See Levanduski, supra***. ***See also Commonwealth v. Hainesworth***, 82 A.3d 444 (Pa.Super. 2013) (*en banc*), *appeal denied*, 626 Pa. 683, 95 A.3d 276 (2014).

With respect to plea bargains, "The reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some

adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system." *Id.* at 449 (internal citations and quotation marks omitted). "The disposition of criminal charges by agreement between the prosecutor and the accused, …is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule. … A 'mutuality of advantage' to defendants and prosecutors flows from the ratification of the bargain." *Commonwealth v. Parsons*, 969 A.2d 1259, 1267-68 (Pa.Super. 2009) (*en banc*), *appeal denied*, 603 Pa. 685, 982 A.2d 1228 (2009).

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. *Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa.Super. 2010), *appeal denied*, 608 Pa. 634, 9 A.3d 626 (2010). "Specific enforcement of valid plea bargains is a matter of fundamental fairness." *Hainesworth, supra*. "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to— and seek enforcement of—terms that fall outside these areas." *Id.*

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under

contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa.Super. 1995) (internal citations omitted). Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Id.* (internal citations omitted). Whether a particular plea agreement has been breached depends on what the "parties to the agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa.Super. 1989).

Sex offender registration:

[O]bviously has serious and restrictive consequences for the offender, including prosecution if the requirement is violated. Registration can also affect the offender's ability to earn a livelihood, his housing arrangements and options, and his reputation. In fact, the requirements of registration are so rigorously enforced, even the occurrence of a natural disaster or other event requiring evacuation of residences shall not relieve the sexual offender of the duty to register. … [W]hen a defendant

- 11 -

agrees to a guilty plea, he gives up his constitutional rights to a jury trial, to confrontation, to present witness, to remain silent and to proof beyond a reasonable doubt. In negotiating a plea that will not require him to register as a sex offender, the defendant trades a non-trivial panoply of rights in exchange for his not being subject to a non-trivial restriction. Fundamental fairness dictates that this bargain be enforced.

*Hainesworth, supra*. To summarize: (a) where a plea bargain is structured so the defendant will not have to register or report as a sex offender or he will have to register and report for a specific time; and (b) the defendant is not seeking to withdraw his plea but to enforce it, then the "collateral consequence" concept attributed generally to sex offender registration requirements does not trump enforcement of the plea bargain. *Commonwealth v. Nase*, 104 A.3d 528, 532-33 (Pa.Super. 2014) (holding appellant was entitled to benefit of his bargain for lower registration requirement, in light of recent plea-bargain law, which limits retroactive application of new or increased sex offender registration/reporting requirements, based on specific record of case).

Instantly, we respectfully reject the trial court's analysis in this case. Here, the record makes clear Appellant pled guilty to an offense that had no sex offender registration/reporting requirement and that factor was part of the negotiated plea agreement. Appellant entered his plea with the express understanding he would not have to register and report as a sex offender. This understanding was confirmed on the written plea colloquy and in an email from the Commonwealth to defense counsel, so there can be no

dispute that this term was an inducement to Appellant to plead. Any ambiguity in the agreement therefore must be construed against the Commonwealth. *See Kroh, supra*.

Further, the Commonwealth stated its Cambria County practice was to comment on any sex offender requirements during the oral plea colloquy, yet the Commonwealth made no reference to it at Appellant's plea proceeding. After his plea, Appellant did not register or report as a sex offender because none was required, until SORNA, which now entails 25 years of sex offender registration and reporting for the offense at issue. No change in the law could have been considered at the time of this plea agreement on April 26, 2011, and no "collateral consequence" of SORNA registration/reporting with respect to this offense existed. Appellant was already fully compliant with his probation conditions when he learned of SORNA and sought early termination of probation, long after entering his plea and in anticipation of SORNA's effective date. Therefore, we decline to apply the "collateral consequence" construct to this case. *See Nase, supra*. Likewise, we refuse to allow Appellant's plea bargain to be reformed with the addition of new conditions which did not exist when he entered the plea agreement. *See Hainesworth, supra*. To do otherwise would play "gotcha" with a revered and favored method of resolving criminal cases. *See Parsons, supra*.

Given the totality of the circumstances surrounding Appellant's plea as well as the language of the written plea bargain itself, the question raised in this appeal, whether non-registration was an enforceable term of the agreement, must be answered in Appellant's favor. *See Hainesworth, supra*; *Nase, supra*; *Kroh, supra*; *Fruehan, supra*. Therefore, after careful review of the certified record as well as the relevant, settled law pertaining to plea agreements, and in light of *Hainesworth* and its progeny, we hold the trial court erred when it refused to enforce Appellant's plea agreement and enter the requested order stating Appellant was not subject to the registration/reporting requirements of SORNA. We recognize the trial court did not consider the *Hainesworth* decision when it denied Appellant's petition. Nevertheless, *Hainesworth* controls the outcome of this case, under principles of fundamental fairness, due process and contract law. Accordingly, we reverse the order denying Appellant's petition to enforce his negotiated plea agreement and remand for entry of an order declaring Appellant is not subject to the registration/reporting requirements of SORNA.

Order reversed; case remanded for entry of proper order. Jurisdiction is relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016