J-A09006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARK PETER PAZUHANICH | |
| Appellee | No. 727 MDA 2016 |

Appeal from the Order Entered April 14, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000215-2004

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                   **FILED JANUARY 16, 2019**

The Commonwealth appeals from the April 14, 2016, order, entered by the Luzerne County Court of Common Pleas, granting Mark Peter Pazuhanich's motion to enforce plea agreement and ordering, *inter alia*: (1) the Commonwealth only was entitled to subject Pazuhanich to the registration, reporting, and any other provisions of now-repealed Megan's Law[1] in effect at the time of the agreement, which is a period of ten years; and (2) Pazuhanich was not subject to the new requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-

---

[1] *See* 42 Pa.C.S. § 9791-9799.9 (repealed).  Effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA").  *See* 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

9799.42. Therefore, the court determined Pazuhanich no longer had any further obligations or restrictions under Pennsylvania's Sexual Offender Laws, and is entitled to be removed from Pennsylvania's Megan's Law Registry.

The trial court set forth the facts and procedural history as follows:

[In November of 2003, Pazuhanich sexually assaulted his daughter. At the time, he was the sitting Monroe County District Attorney and was elected to fill a 10-year Monroe County judgeship in 2004.] On June 14, 2004, Petitioner Mark Pazuhanich … entered into a no contest plea to two counts of [i]ndecent [a]ssault, [e]ndangering the [w]elfare of [c]hildren, [c]orruption of [m]inors, and [p]ublic [d]runkeness.[2] One of the counts of [i]ndecent [a]ssault implicated the Megan's Law registration and reporting requirements. The Court was also made aware that [Pazuhanich] would resign from his judge position following sentencing. At sentencing, both [Pazuhanich] and the Commonwealth understood that [he] would be subject to Megan's Law registration and reporting for a period of ten years. The Court additionally imposed an aggregate period of ten years' probation, and ordered [Pazuhanich] to register pursuant to Megan's Law for ten years. The Court also included several other conditions to [Pazuhanich]'s sentence, including no contact with his daughter. It was understood by the parties that [Pazuhanich] would be subject to a longer period of registration [if] he was found to be a sexually violent predator at the Megan's Law evaluation, which the Sexual Assessment Board ultimately did not find to be the case. The Commonwealth took no issue with the Sexual Assessment Board's determination.

In early 2012, [Pazuhanich]'s daughter expressed interest in reconnecting with [him], prompting [Pazuhanich] to file a Motion to Terminate Probation. A hearing was held on April 25, 2012, at which time this Court modified its sentencing order to allow [Pazuhanich] to have contact with his daughter under certain circumstances, and directed that [Pazuhanich]'s probation would terminate on December 31, 2012 provided there were no probation violations until such time. On December 20, 2012, a new version of Megan's Law became effective, bringing

_____

2 **See** 18 Pa.C.S. §§ 3126(a)(1) and (a)(7), 4304(a), 6301(a), and 5505.

Pennsylvania into compliance with the federal Sex Offender Registration and Notification Act (hereinafter, "SORNA"). [Pazuhanich] filed a Motion to Terminate Probation in fall of 2012, prior to the enactment of the new version of Megan's Law. This Court entered an Order dated November 28, 2012, granting the Motion, and terminating [Pazuhanich]'s probation, effective November 30, 2012.

The new requirements of SORNA would require [Pazuhanich] to register as a sex offender and report for his entire lifetime, rather than for only a ten year period. Accordingly, in November 2015, [Pazuhanich] filed a motion seeking to be excused from the new SORNA registration requirements, pursuant to his plea agreement of 2004. A hearing was held in front of this Court on February 18, 2016. On April 14, 2016, this Court granted [Pazuhanich]'s Motion to Enforce Plea Agreement, and stated that [Pazuhanich] is not subject to the new requirements of SORNA, and since the ten year period has expired, [Pazuhanich] is no longer under any restrictions under Pennsylvania's Sexual Offender Laws, and shall be removed from the Megan's Law Registry.

Trial Court Opinion, 6/6/2016, at 1-2. On April 27, 2016, the Commonwealth filed a notice of appeal.[3]

In its brief, the Commonwealth contends the ten-year registration requirement imposed as a consequence of Pazuhanich's plea was not a material element of the plea agreement and was not negotiated in any way and, therefore, Pazuhanich did not receive any benefit of a bargain that needs to be enforced. *See* Commonwealth's Brief at 8. Specifically, the Commonwealth states:

---

[3] On May 2, 2016, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth filed a concise statement on May 13, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 6, 2016.

In 20[0]4, an Information charging [Pazuhanich] with four offenses was filed against [him]. One of the offenses was Indecent Assault graded as a misdemeanor of the first degree, which would require [Pazuhanich] to register under the then applicable Megan's Law for ten years. [Pazuhanich] pled nolo contendre to the entire Information, thus triggering the registration requirement. As part of the nolo plea, the Commonwealth agreed to a probationary sentence and [Pazuhanich] agreed to resign his judgeship. The registration requirement was mentioned, almost in passing, to advise the Court and [Pazuhanich] of one of the consequences of his nolo plea. Based on the context of the plea and sentence[,] it appears the material elements of [Pazuhanich]'s nolo plea were the probationary sentence and the resignation of his judgeship.

*Id.*

Further, in analyzing **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013), **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), and **Commonwealth v. Nase**, 104 A.3d 528 (Pa. Super. 2014) (*en banc*), the Commonwealth submits that the distinguishing feature of these cases

is the registration and plea to specific charges to obtain, or avoid certain registration periods. Without negotiation and discussion over various offenses and registration periods, the registration period is not a material element of the plea. Merely mentioning a registration period during the plea and sentencing hearing does not a material element make. If that were the case, then simply mentioning the maximum penalties of the offenses being pled to would require a maximum jail sentence so the Commonwealth could get the benefit of its bargain.

In this case, the offense which required [Pazuhanich] to register was not part of the "plea agreement." It was not a material part of the plea agreement. The Commonwealth did not withdraw or nolle prosse an offense with a longer term of registration in exchange for the nolo contendere plea to Indecent Assault which called for the ten year period of registration. [Pazuhanich] was charged with Indecent Assault and he entered

- 4 -

a nolo contendere plea to that offense. The registration period "was what it was" and if SORNA now requires a longer period of registration, [Pazuhanich] is subject to it because he did not bargain for a lesser period of registration. **Nase** requires more than just mentioning a registration period. **Nase** requires that the registration be a material element of the plea agreement.

**Id.** at 10 (citation omitted). The Commonwealth states the present matter is more akin to **Commonwealth v. Benner**, 853 A.2d 1068 (Pa. Super. 2004), stating:

In **Benner**, the defendant entered a plea claiming he did so based upon representation that the charge he pled guilty to would not require registration. However, the record did not contain any such representation. Since the record did not support his claims of an agreement regarding registration, the Court denied his petition excusing him from compliance of Megan's Law.

As in **Benner**, there was no negotiation of the term of registration. There is nothing in the record to demonstrate the registration period was discussed between the parties. Nor does the record reveal a reduction or withdrawal of any charge that would have impacted the registration period. The record shows the registration period was merely mentioned, simply giving notice of its existence. Therefore, it was not a material element of the plea.

**Id.** at 10-11 (citations omitted).

We begin with the following:

We have traditionally recognized the trial court's jurisdiction over petitions to enforce plea agreements with respect to the terms of sexual offender registration requirements, and by extension, this Court's ability to review the court's resulting orders. **See Commonwealth v. Martinez**, 637 Pa. 208, 147 A.3d 517 (Pa. 2016); **Commonwealth v. Hainesworth**, 2013 PA Super 318, 82 A.3d 444 (Pa. Super. 2013) (*en banc*); **Commonwealth v. Nase**, 2014 PA Super 194, 104 A.3d 528 (Pa. Super. 2014). Appellants filed petitions to enforce their plea agreements, and the trial court denied these in subsequent orders…. Moreover, we may correct an illegal sentence *sua sponte* so long as we maintain

jurisdiction over the case. *See Commonwealth v. Butler*, 2017 PA Super 344, 173 A.3d 1212, 1214 (Pa. Super. 2017). Thus, we find the case is properly before us.

The law on the enforcement of plea agreements is well established. "Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." *Commonwealth v. Farabaugh*, 2016 PA Super 63, 136 A.3d 995, 1001 (Pa. Super. 2016) (citation omitted). "In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Hainesworth*, 82 A.3d at 447 (citation and internal quotation marks omitted). When the Commonwealth's promise or agreement provides consideration for the defendant's acceptance of the plea, the Commonwealth must fulfill that promise. *See Martinez*, 147 A.3d at 532.

*Commonwealth v. Fernandez*, __ A.3d __, __, 2018 PA Super 245, ¶¶ 18-19 (Pa. Super. Sept. 5, 2018) (*en banc*).

A brief recitation of the case law cited by the Commonwealth regarding the enforcement of Megan's Law/SORNA with respect to negotiations of plea agreements is necessary. In *Hainesworth*, *supra*, the defendant specifically entered a negotiated guilty plea to avoid the Megan's Law registration entirely. A panel of this Court held because "the parties to this appeal entered into a plea bargain that contained a negotiated term that [the defendant] did not have to register as a sex offender," "it was not error for the trial court to order specific enforcement of that bargain[.]" *Hainesworth*, 82 A.3d at 450.

Subsequently, in *Partee*, *supra*, a panel of this Court applied *Hainesworth* to a case where the defendant initially pled *nolo contendere* pursuant to a plea agreement to indecent assault of a person under the age

- 6 -

of thirteen,[4] corruption of minors, and endangering the welfare of children. The agreement also provided that certain charges, rape and incest, were withdrawn. The court sentenced the defendant but he violated his probation, and the court re-sentenced him in May of 2010 on the indecent assault count. Thereafter, the Pennsylvania Legislature enacted a new version of Megan's Law to comply with the federal SORNA, which took effect on December 20, 2012. Pennsylvania's SORNA required, in pertinent part, those individuals who were convicted of indecent assault of a person under the age of 13 to register as a sex offender for life. The defendant then filed a petition for *habeas corpus* and/or seeking enforcement of his plea agreement. On appeal, noting the ten-year registration period was expressly discussed at the defendant's plea hearing, the panel determined the plea "was structured so that [the defendant] would only be subject to a ten-year rather than a lifetime reporting requirement[.]" **Partee**, 86 A.3d 249. The **Partee** Court further stated: "Under our reasoning in **Hainesworth**, [the defendant] arguably would be entitled to the benefit of that bargain." **Id**. Nevertheless, the panel held that because the defendant had violated his initial plea agreement by breaching the terms of his probation, his agreement was no longer in effect and he was "not entitled to specific performance." **Id**. at 250.

---

[4] The crime of indecent assault of a person less than thirteen required a ten-year registration period.

- 7 -

Thereafter, in **Nase**, **supra**, an *en banc* panel of this Court held the defendant had expressly agreed to plead guilty to unlawful contact with a minor so as to be subject to the ten-year registration period, and therefore, the registration consequences were a part of his plea negotiation and to be specifically enforced. **Id.** at 535. Furthermore, the defendant was not subject to the 25-year registration period later established in SORNA.

In these cases, the courts specifically enforced sexual offender registration requirements in plea agreements where those registration requirements were a material term of the plea.[5] As indicated above, the **Partee** case does have a special nuance where, but for the defendant's probation violation, the court would not have applied the new registration requirements retroactively since he explicitly negotiated the plea agreement's 10-year registration requirement.[6]

_____

[5] **See also Commonwealth v. Martinez**, 147 A.3d 517, 533 (Pa. 2016); **Commonwealth v. Ritz**, 153 A.3d 336, 343 (Pa. Super. 2016), *appeal denied,* 170 A.3d 995 (Pa. 2017); **Commonwealth v. Farabaugh**, 136 A.3d 995, 1003 (Pa. Super. 2016).

[6] **Compare with Commonwealth v. Benner**, 853 A.2d 1068 (Pa. Super. 2004) (holding because record at guilty plea and sentencing hearings was silent as to whether appellant was required to register under Megan's Law, post-sentence amendment pursuant to SORNA requiring lifetime registration applied to the matter, even though registration requirements at time of sentencing called for ten years).

Nevertheless, our review would not be complete without discussing the impact of the recent decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018).[7] In ***Muniz***, the Pennsylvania Supreme Court held the registration requirements under SORNA are punitive in nature, and therefore, the retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the Pennsylvania Constitution.[8] ***Id.*** at 1218. As this Court commented, "***Muniz*** was a sea change in the longstanding law of this Commonwealth as it determined that the registration

---

[7] "[T]he general rule in Pennsylvania is to apply the law in effect at the time of the appellate decision." ***Commonwealth v. Housman***, 986 A.2d 822, 840 (Pa. 2009).

[8] ***Muniz*** was a plurality decision. Justice Dougherty authored the Opinion Announcing the Judgment of the Court ("OAJC"), holding: (1) SORNA's registration requirements constitute punishment; (2) the retroactive application of the registration requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions; and (3) Pennsylvania's *ex post facto* clause provides greater protection than its federal counterpart. ***See Muniz***, 164 A.3d at 1193, 1223. Justices Baer and Donahue joined the OAJC in full. Justice Wecht filed a Concurring Opinion, joined by Justice Todd, which joined those parts of the OAJC concluding the registration requirements constitute punishment, and their retroactive application runs afoul of Pennsylvania's *ex post facto* clause. However, he disagreed with the OAJC's holding that the Pennsylvania Constitution provides greater protection than the federal constitution, and, additionally, stated he would decline to address the federal claim. ***See id.*** at 1224. Justice Saylor authored a Dissenting Opinion in which he concluded SORNA is not punitive. Justice Mundy did not participate in the decision.

requirements under SORNA are not civil in nature but a criminal punishment."

***Commonwealth v. Butler***, 173 A.3d 1212, 1215 (Pa. Super. 2017).[9]

Most recently, an *en banc* panel in ***Fernandez***, ***supra***, readdressed the issue of whether appellants, who were found to have violated the terms of their respective probationary sentences, had to comply with the new registration conditions and terms assigned to their crimes under SORNA, and as mandated by ***Partee***, in light of the ***Muniz*** decision.[10] The ***Fernandez*** Court held: "We are constrained to order that under ***Muniz***, the trial court may not increase [the appellants'] registration requirements under SORNA. Consequently, we find that ***Muniz*** abrogates ***Partee***, and agree with [a]ppellants that the original periods of sexual offender registration and

---

[9] Subsequently, in ***Butler***, ***supra***, this Court determined that, because the ***Muniz*** Court held SORNA's registration requirements are punitive in nature, and an SVP designation increases the registration period, trial courts could not apply SORNA's increased registration requirement for SVPs because the law as written permits the court, and not a fact-finder, to determine, beyond a reasonable doubt, that the defendant is an SVP. ***Butler***, 173 A.3d at 1217-1218, *citing* ***Alleyne v. United States***, 570 U.S. 99 (2013).

[10] The ***Fernandez*** decision involved 19 consolidated appeals. Two of the appellants pled guilty to crimes that, at the time, did not require any period of registration as sexual offenders. ***Fernandez***, __A.3d __, 2018 PA Super 245, ¶ 4. The remaining appellants accepted plea agreements to crimes that included ten-year periods of registration as sexual offenders under then-existing versions of Megan's Law. ***Id.*** at ¶¶ 4-5. In exchange for their guilty or no-contest pleas, the Commonwealth withdrew several other charged offenses in each case. ***Id.*** at ¶ 5. If the appellants had been convicted of those withdrawn crimes, they would have been subjected to longer periods of registration as sexual offenders. ***Id.***

conditions imposed in each case be reinstated." ***Fernandez***, __A.3d __, 2018 PA Super 245, ¶ 4. Moreover, the *en banc* panel stated:

> We find the facts of this case nearly identical to those in ***Partee***. Appellants failed to comply with the sentencing requirements of their plea bargains, but still attempt to enforce the terms of these agreements. However, in ***Muniz***, our Supreme Court held that the enhanced registration provisions of SORNA constitute punishment, and may not be applied retroactively. Therefore, the reclassifications of the Appellants after the effective date of SORNA cannot stand.
>
> **To the extent the Commonwealth claims Appellants failed to demonstrate their plea agreements precluded lifetime registration, *Muniz* renders such a demonstration unnecessary. Following *Muniz*, SORNA's sexual offender requirements may not be imposed retroactively on any defendant, regardless of whether the defendant accepted a plea bargain or was convicted at trial**. Even offenders who, like Appellants, were sentenced before SORNA became law, have since violated the terms of their probation, and have been resentenced, are not subject to retroactive application of SORNA's requirements.

***Fernandez***, __A.3d __, 2018 PA Super 245, ¶¶ 23-24 (emphasis added).

Turning to the present matter, the trial court found the following:

> Here, the Commonwealth and [Pazuhanich] entered into a negotiated plea heard at a hearing on Monday, July 12, 2004 in front of this Honorable Court. At the guilty plea hearing, the Commonwealth did not oppose a probationary sentence. Additionally, there was an agreement that [Pazuhanich] would resign from his position as judge. Also at the guilty plea and sentencing hearing, a ten year registration period was specifically stated by the attorney for the Commonwealth, and confirmed by [Pazuhanich]'s counsel. There is nothing in the record to suggest that either party contemplated that the registration period would be longer than ten years. The record supports that at the time of the plea agreement, the parties understood that [Pazuhanich] would only be subjected to a period of registration longer than ten years if he was determined to be a sexually violent predator, which he was not.

As we heard and reviewed the plea agreement as presented on the record, it was clear that the plea agreement provided three essential elements: a probationary sentence, a resignation from public office, and a ten year registration requirement. As such, on July 12, 2004, this Court accepted the plea agreement and directed [Pazuhanich] to register with Pennsylvania Megan's Law for a period of ten years.

Trial Court Opinion, 6/6/2016, at 4-5 (record citations omitted).

As stated above, the Commonwealth argues the ten-year registration requirement imposed as a consequence of Pazuhanich's plea was not a material element of the plea agreement, and therefore, he should not receive any benefit of a bargain that needs to be enforced. *See* Commonwealth's Brief at 8. We disagree and conclude the decisions in *Muniz* and particularly *Fernandez* are controlling. Pursuant to *Muniz* and *Fernandez*, a determination of whether the registration requirement was a material element of Pazuhanich's plea agreement is of no consequence. As indicated in *Fernandez*, "SORNA's sexual offender requirements may not be imposed retroactively on any defendant, regardless of whether the defendant accepted a plea bargain or was convicted at trial." *Fernandez*, ___A.3d ___, 2018 PA Super 245, ¶ 24.[11] Accordingly, Pazuhanich was not subject to SORNA's

---

[11] The *Fernandez* Court also noted:

Pennsylvania Legislature has endeavored to solve the issue of how to treat these offenders by passing a law to replace the invalidated portions of SORNA. *See* 2018 Pa. Legis. Serv. Act 2018-29 (H.B. 1952) (approved June 12, 2018) ("Act 29"), amending Title 42

retroactive registration increases and the trial court did not err in granting his motion to enforce plea agreement and ordering the Commonwealth was only entitled to subject Pazuhanich to the registration, reporting, and any other provisions of the Megan's Law requirements that were in effect at the time of

---

> (Judicial Procedure) of the Pennsylvania Consolidated Statutes. Though Act 29 was enacted during the pendency of this appeal, it became effective immediately. In relevant part, its purpose is to eradicate the unlawful retroactive portions of SORNA proscribed in **Muniz** and instead impose lower periods of registration for offenders who committed applicable crimes between April 22, 1996, and December 20, 2012. **See** 42 PA.C.S.A. § 9799.52. Rather than increasing [a]ppellants' registration terms, the new law effectively places many of the listed crimes back in a ten-year registration category. **See** 42 PA.C.S.A. § 9799.55.
>
> Nevertheless, this Court rightly noted in **Commonwealth v. Horning**, __ A.3d __, 2018 PA Super 204, 2018 WL 3372367, that SORNA also enhanced registration conditions by adding requirements such as frequent in-person reporting and the publication of an offender's personal information online. The **Horning** panel aptly identified these additional obligations as noncompliant with **Muniz**. Problematically, though it reduces the term of years for which these offenders must register, the new Act does not address these additional, more stringent conditions required under SORNA from those imposed under the earlier versions of Megan's Law.

**Fernandez**, __A.3d __, 2018 PA Super 245, ¶¶ 24-26 (footnotes omitted). Like in **Fernandez**, "the issue of the possible retroactive application of the legislature's new amendments to Appellants is not before us[,]" and we need not address it further. **Id.** at ¶ 26.

the 2004 agreement.[12]  Therefore, the Commonwealth's sole argument on appeal fails.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019

---

[12]  We "may affirm the lower court on any basis, even one not considered or presented in the court below."  **Commonwealth v. Burns**, 988 A.2d 684, 690 n. 6 (Pa. Super. 2009), *citing* **Commonwealth v Torres**, 764 A.2d 532, 541-543 (Pa. 2001).