J-S09025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
JEANCARLOS MORAN POVEDA　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:　　No. 1857 EDA 2023

Appeal from the Judgment of Sentence Entered June 16, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):　CP-39-CR-0003323-2022

BEFORE:　PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:　　　　　　　　　**FILED JULY 25, 2024**

Appellant JeanCarlos Moran Poveda appeals from the judgment of sentence imposed after he pled guilty to involuntary deviate sexual intercourse (IDSI) with a child and indecent assault of a person less than thirteen years of age.[1]  Appellant argues that the trial court erred in denying his motion to vacate his sentence after the Commonwealth violated the terms of his plea agreement.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 8/29/23, at 2-3.  Briefly, Appellant was charged with multiple offenses based on allegations that he sexually assaulted the minor victim during the summer of 2010.  ***Id.*** at 2.  The trial court summarized the procedural history of this matter as follows:

---

[1] 18 Pa.C.S. §§ 3123(b) and 3126(a)(7).

Appellant waived his preliminary hearing on October 13, 2022. On March 30, 2023, Appellant entered a guilty plea to [IDSI] with a child, 18 Pa.C.S. § 3123(b), graded as a felony of the first degree, and indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7), graded as a felony of the third degree. In exchange for his plea, the Commonwealth agreed not to pursue the top count of the Information, rape of a child, 18 Pa.C.S. § 3121(c), a felony of the first degree. **Additionally, the Commonwealth agreed it would not seek the mandatory minimum sentence because Appellant was a juvenile at the time of the offense.** The mandatory minimum in this case was ten years for [IDSI] where the victim is less than sixteen years of age. 42 Pa.C.S. § 9718(a)(1).

Prior to tendering his plea, the [trial c]ourt explained:

> THE COURT: [Appellant], did you hear the plea agreement amongst the lawyers?
>
> [Appellant]: Yes.
>
> THE COURT: Is that [your] understanding as well?
>
> [Appellant]: Yes.
>
> THE COURT: You're pleading guilty to different counts of criminal information count two, and [IDSI], a graded felony in the first degree, carries a maximum punishment of twenty years in jail and a $25,000 fine. You're also pleading guilty to -- excuse me -- indecent assault, graded as a felony in the third degree. Maximum punishment carries seven years in jail and a $15,000 fine. Do you understand those maximum penalties?
>
> [Appellant]: Yes.
>
> THE COURT: Do you understand [Appellant]? That is also not an agreement as to what a minimum to incarceration or maximum incarceration can be completely at my discretion. I will listen to the evidence presented by both sides at the sentencing hearing to determine what the appropriate sentence would be. Do you understand that?
>
> [APPELLANT]: Yes.

> THE COURT: Technically, I could sentence you to a maximum of twenty-seven years in state prison. Do you understand that?
>
> [Appellant]: Yes.
>
> N.T. 3/30/23, at 3-4.
>
> Appellant appeared for sentencing on June 2, 2023. During the hearing, the Commonwealth argued in support of a ten-year minimum sentence. N.T. 6/2/23, at 66-67. Appellant's counsel objected, asserting that this request violated the terms of the plea agreement. *Id.* at 67. The Commonwealth argued in response that the plea agreement prohibited it from seeking the mandatory minimum sentence. *Id.* The agreement did not prohibit the Commonwealth from seeking the same duration on a discretionary basis and leaving the ultimate decision up to the court. At the close of the hearing, Appellant was sentenced to a period of incarceration of not less than 12 nor more than 25 years.
>
> Appellant filed a motion for reconsideration of sentence on June 7, 2023, and separately, post-sentence motions on June 9, 2023. On June 16, 2023, the court granted the motion for reconsideration in part with respect to an erroneously applied Megan's Law registration requirement, but otherwise denied the motion with respect to the total cumulative sentence.

*Id.* at 3-5.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing Appellant's claims.

Appellant raises the following issue on appeal:

> Did the trial court err in denying [Appellant's] motion to vacate sentence and enforce the plea agreement where the Commonwealth did not comply with the terms of the plea agreement?

Appellant's Brief at 6.

In support, Appellant argues that because the Commonwealth agreed not to seek the mandatory ten-year sentence for IDSI, there was an agreement concerning the length of his sentence. *Id.* at 13. Therefore, Appellant concludes that the Commonwealth breached the plea agreement by asking the trial court to impose a ten-year sentence during the sentencing hearing. *Id.* at 13-14.

"Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." *Commonwealth v. Farabaugh*, 136 A.3d 995, 1001 (Pa. Super. 2016) (citation omitted). Because contract interpretation is a question of law, our standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Kerns*, 220 A.3d 607, 612 (Pa. Super. 2019).

In reviewing a motion to enforce a plea agreement, this Court has explained:

> In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth.

*Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (citations omitted and formatting altered).

Here, the trial court addressed Appellant's claim as follows:

> In this case, Appellant's plea agreement required that the Commonwealth not seek the mandatory minimum. At sentencing, the Commonwealth agreed to this. Counsel advocated for a

minimum sentence of ten years, which is the mandatory minimum, but did not actively pursue it as a statutory minimum. To that end, the Commonwealth did not divest the court of discretion to impose a sentence lower than the mandatory minimum, which was its agreement with Appellant. *See Commonwealth v. Mitchell*, 883 A.2d 1096 (Pa. Super. 2005) (mandatory minimum sentences necessarily divest the sentencing court of some degree of discretion in fashioning a sentence).

Appellant contests this distinction. He asserts the Commonwealth violated the terms of the plea bargain when it recommended a discretionary sentence that coincided with the mandatory minimum.

Based on the plea bargain as set forth at the time of the plea and as reiterated at sentencing, the court properly determined Appellant's interpretation of the legal impact of these events was incorrect. Had the Commonwealth chosen to pursue the mandatory minimum sentence, Appellant would not have had the opportunity to argue for a period of incarceration of less than ten years. Consistent with Appellant's plea bargain, the Commonwealth was entitled to argue for whatever sentence it deemed appropriate without restricting the court's sentencing discretion to the mandatory ten-year minimum, and Appellant was free to argue for whatever sentence he and his counsel deemed appropriate. The court retained the discretion to balance all the relevant factors and impose a sentence that was lawful and appropriate in this case.

Appellant received the benefit of his bargain despite not receiving a lesser sentence. **The bargain called for the Commonwealth to not seek the mandatory minimum. It did not prohibit the Commonwealth from advocating for the same period of time to be imposed on a discretionary basis.** The Commonwealth did not breach the terms of the plea agreement in this case. It advocated for a sentence it deemed appropriate and Appellant advocated for a sentence he deemed appropriate by and through counsel. The ultimate determination as to the appropriate sentence was left to the court without a mandatory period of incarceration in place. The sentence Appellant received resulted from an exercise of the court's discretion and did not stem from the imposition of a mandatory sentencing scheme. This was consistent with the plea bargain Appellant reached with the Commonwealth in this case.

Trial Ct. Op. at 6-8 (emphases added, some formatting altered).

Following our review of the record, the parties' briefs, and the relevant law, we affirm based on the trial court's analysis of this issue. **_See id._** As noted by the trial court, there was no agreement as to the length of Appellant's sentence. **_See id; see also_** N.T. 3/30/23, at 3-4 (reflecting that during the on-the-record guilty plea hearing, Appellant acknowledged that there was no agreement as to the length of his sentence, which would be determined "completely at [the trial court's] discretion"). Instead, the Commonwealth agreed not to seek a mandatory minimum sentence, which would have divested the trial court from exercising its discretion to impose an alternative sentence. **_See_** Trial Ct. Op. at 6-8. Therefore, because "[t]he ultimate determination as to the appropriate sentence was left to the court without a mandatory period of incarceration in place," Appellant's sentence was consistent with the terms of his plea agreement. **_See id._** at 8. Accordingly, Appellant is not entitled to relief.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/25/2024