J-S36035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLEG AVETISOV | : | |
| | : | |
| Appellant | : | No. 134 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 2, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000088-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

CONCURRING MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 11, 2024**

I agree with the Majority's conclusion that the trial court did not abuse its discretion when it denied Appellant's pre-sentence request to withdraw his guilty plea, and that the judgment of sentence should be affirmed.  **See** Majority Mem. at 14-15.  Although I agree with the Majority's decision, I write separately to emphasize the significance of this Court's *en banc* decision in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), to the case at bar, particularly as it pertains to Appellant's argument that the trial court imposed an illegal sentence.  **See** Appellant's Brief at 14.

**Richards** expressly overruled **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), while the instant appeal was pending; therefore, Appellant's sentence is not illegal.  **See Richards**, 284 A.3d at 220 (expressly overruling **Chichkin**); **see also Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*) (same).  Moreover, absent a plea agreement in

the instant case, the Commonwealth would have been able to present evidence of Appellant's prior ARD-DUI at the time of sentencing to establish that his current DUI offense is a second offense. **See Commonwealth v. Shifflett**, 1480 MDA 2022, 2023 WL 3051454 at *5 (Pa. Super. filed April 24, 2023) (unpublished mem.).[1]

Here, the record indicates that on June 30, 2022, Appellant entered into a plea agreement for one count of DUI-Tier 3 (highest rate of alcohol), graded as a first-degree misdemeanor.[2]  Pursuant to the plea agreement, the Commonwealth agreed to recommend that Appellant be admitted into a local diversionary program, provided that Appellant complete certain prerequisites for admission into the program. **See** Appellant's Written Guilty Plea Colloquy, 6/30/22, at 1.  The written guilty plea colloquy reflected that Appellant was subject to a mandatory minimum sentence of ninety days imprisonment with a maximum sentence of five years, which is consistent with a second-offense DUI-Tier 3. **Id.** at 4; **see** 75 Pa.C.S. §§ 3804(c)(2)(i), (d).  Appellant failed to comply with the prerequisites required for entry into the local diversionary program; therefore, the Commonwealth recommended that Appellant be sentenced to the mandatory minimum sentence of ninety days to five years' imprisonment.  **See** N.T. Sentencing Hr'g, 12/2/22, at 2, 4-5.  Prior to

---

[1] Unpublished memoranda filed after May 1, 2019 may be cited for their persuasive value.  Pa.R.A.P. 126(b).

[2] The Vehicle Code states that a violation of Section 3802(c) for a person that has a prior DUI offense within the last ten years shall be graded as a first-degree misdemeanor.  75 Pa.C.S. § 3803(b)(4).

- 2 -

imposing sentence, the trial court denied Appellant's motion to withdraw the guilty plea. *Id.* at 7. The trial court ultimately imposed a sentence of ninety days to five years' imprisonment at the sentencing hearing on December 2, 2022. *Id.* at 8.

This Court has long recognized the critical role that plea agreements play in our criminal justice system. *See Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020) (noting that ninety-four percent of state convictions are the result of plea agreements). When a defendant enters a plea agreement, he or she waives his or her right to proof beyond a reasonable doubt. *Commonwealth v. Farabaugh*, 136 A.3d 995, 1002 (Pa. Super. 2016) (citing *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*)). Accordingly, I would conclude that Appellant's argument that the plea agreement called for an illegal sentence is without merit, because by entering into the instant plea agreement, Appellant **waived his right to have the factual basis of his arrest giving rise to his entry into the ARD program proven beyond a reasonable doubt**. *See Farabaugh*, 136 A.3d at 1002; *Hainesworth*, 82 A.3d at 449.

The *Chichkin* Court prohibited equating entry into the ARD program as a prior conviction, but it did not preclude the Commonwealth from proving the facts giving rise to Appellant's entry into the ARD program. *Chichkin*, 232 A.3d at 970-71 (stating that "if the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually

committed the prior DUI offense. Appellant's guilty plea, on its face, therefore, was not invalid, and I conclude that Appellant has not articulated sufficient grounds for withdrawing his guilty plea. Accordingly, the trial court did not abuse its discretion in its decision to deny Appellant's motion to withdraw his guilty plea.

At the time Appellant entered into his plea agreement, **Chichkin** remained the controlling case law in this Commonwealth. In the instant case, the Commonwealth attempted to introduce evidence of the underlying facts of the charges giving rise to Appellant's previous entry into the ARD program. Before this Court issued its decisions in **Richards** and **Moroz**, the Commonwealth was prepared to enter into evidence a criminal complaint dated July 2, 2017. N.T. Sentencing Hr'g, 9/30/22, at 3-4. After Appellant objected based on **Chichkin**, the trial court continued the sentencing hearing to take counsel's arguments under advisement, until December 2, 2022. **Id.** at 6. At the December 2, 2022 sentencing hearing, the trial court imposed the mandatory minimum sentence of ninety days to five years' imprisonment requested by the Commonwealth based on the terms of the plea agreement after Appellant failed to complete the prerequisites for admission to the local diversionary program. N.T. Sentencing Hr'g, 12/2/22, at 2, 4-5.

Further, in the interim between the sentencing hearings, on October 4, 2022, this Court issued its decision in **Richards** and **Moroz**, overturning **Chichkin**, such that both cases were in effect on the date that the trial court imposed Appellant's sentence. On this record, the trial court did not impose

an illegal sentence, nor did it abuse its discretion when it denied Appellant's motion to withdraw his guilty plea based on Appellant's non-compliance with the diversionary program prerequisites and the controlling case law in effect on the date of his sentencing; therefore, I would affirm the judgment of sentence.[3]

Finally, I note that the Supreme Court of Pennsylvania has granted allocatur and is reviewing this Court's decisions in **Richards**[4] to consider whether it is "unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by **Alleyne** [**v. United States**, 570 U.S. (2013)], *i.e.* a prior offense can only be determined by proof beyond a reasonable doubt[.]" **Commonwealth v. Richards**, 294 A.3d 300 (Pa. 2023). Additionally, in **Richards**, our Supreme

---

[3] It is well settled that this Court is duty bound to apply the law in effect at the time of its decision. **See Commonwealth v. Hind**, 304 A.3d 413, 417 (Pa. Super. 2023). Moreover, both a defendant and the Commonwealth may benefit from changes in the law before a judgment of sentence becomes final. **Id.** at 418 (citing **Commonwealth v. Hummel**, 295 A.3d 719, 721 (Pa. Super. 2023) (recognizing that the Commonwealth may benefit from a change in the law during the pendency of a direct appeal); **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018)). While not relevant here, there are clearly limitations to obtaining a benefit from a change in the law. For instance, while the Commonwealth may benefit from changes in the law during the pendency of a direct appeal, it may not benefit from an *ex post facto* law, which is forbidden by both the United States and Pennsylvania Constitutions. **See** U.S. Const., Art. I, §§ 9, 10; Pa. Const. Art. I, § 17.

[4] While our Supreme Court has granted the petition for allowance of appeal in **Richards**, the petition for allowance of appeal in **Moroz** is being held by the Supreme Court pending **Commonwealth v. Shifflett**, 26 MAP 2024. **Commonwealth v. Moroz**, 520 MAL 2022 (Pa. filed April 26, 2024).

Court will consider whether it is "fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt[.]" ***Id.***; ***see also Commonwealth v. Schifflett***, 316 A.3d 616 (Pa. 2024) (granting allowance of appeal to determine whether it is unconstitutional to consider the acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by ***Alleyne***).[5]

For these reasons, I respectfully concur with the Majority in its decision to affirm the trial court's denial of Appellant's motion to withdraw his guilty plea and to affirm Appellant's judgment of sentence.

---

[5] Our Supreme Court first considered these issues in ***Commonwealth v. Verbeck***, 290 A.3d 260 (Pa. 2023), which was argued and decided after the death of the late Chief Justice Baer. The Court deadlocked 3-3, therefore, this Court's decision was affirmed. ***See Verbeck***, 290 A.3d at 261; ***see also Commonwealth v. Verbeck***, 2021 WL 1328551 (Pa. Super. filed April 9, 2021) (unpublished mem.).