J-S24014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ALBERT RIVERA | : | |
| | : | |
| Appellant | : | No. 151 MDA 2023 |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000594-1999

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED SEPTEMBER 15, 2023**

Appellant, Luis Albert Rivera, appeals from the trial court's order denying his "Petition for Review and Enforcement of Plea Agreement."  After careful review, we affirm.

The trial court provided a detailed summary of the pertinent history of Appellant's case, which we need not reproduce herein.  **See** Trial Court Opinion (TCO), 12/28/22, at 1-6.  Briefly, Appellant pled guilty in 2000 to sexual assault and indecent assault, in exchange for a negotiated sentence of 36 to 72 months' incarceration, followed by 4 years' probation.  Neither of Appellant's offenses required him to register as a sex offender under the registration statute in effect at that time, Megan's Law I.  However, when Appellant was paroled in 2003, he was notified that he was required to register

_____

[*] Former Justice specially assigned to the Superior Court.

with the Pennsylvania State Police under Megan's Law II, which was then in effect. Appellant did not challenge this registration requirement, nor raise any issue concerning his registration requirements over the next 15 years. It was not until March 8, 2022, after Appellant was notified that he was required to register under the present version of the Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51-9799.75, that Appellant filed a "Petition for Review and Enforcement of Plea Agreement." Therein, Appellant averred that his "registration requirement is contrary to the [p]lea [b]argain upon which he entered his guilty plea." TCO at 4. After conducting a hearing on April 27, 2022, the trial court denied Appellant's petition by order and opinion filed December 28, 2022.

Appellant filed a timely notice of appeal. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On February 22, 2023, the trial court filed a statement indicating that it is relying on the rationale set forth in its December 28, 2022 opinion to address the following two issues that Appellant raises herein:

> [I.] The [trial c]ourt … erred when it failed to follow case precedent to enforce a plea agreement that did not include any Megan's Law requirement when it injected its own interpretation of the plea terms without having any evidence from said plea hearing that indicated [Appellant] was required to register as a sex offender for a crime that, at the time of said plea, did not carry any registration requirement.
>
> [II.] The [trial c]ourt … erred when it failed to follow case precedent when it failed to honor the plea agreement terms between [Appellant] and the Commonwealth in which those

- 2 -

crimes, Rape ([18 Pa.C.S. §] 3121) and Involuntary Deviate Sexual Intercourse-Forcible Compulsion ([18 Pa.C.S. §] 3123), which required Megan's Law Registration at the time of the plea, were not part of the plea agreement[,] while a plea to the crime of Sexual Assault ([18 Pa.C.S. §] 3124.1), which at the time of the plea did not require Megan's Law Registration, was within the plea agreement.

Appellant's Brief at 7 (unnecessary brackets omitted).[1]

In considering Appellant's argument on appeal, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion of the Honorable John C. Tylwalk of the Court of Common Pleas of Lebanon County that was filed on December 28, 2022. We conclude that Judge Tylwalk's comprehensive opinion accurately disposes of the issues presented by Appellant. Accordingly, we adopt Judge Tylwalk's opinion as our own and affirm the order denying Appellant's "Petition for Review and Enforcement of Plea Agreement" for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/15/2023

---

[1] We note that although Appellant sets forth two separate issues in his Statement of Questions Involved, he presents only one, undivided discussion in his Argument section. *See* Appellant's Brief at 10-15.

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : NO. CP-38-CR-594-1999
:
v. :
:
LUIS ALBERT RIVERA :

**APPEARANCES:**

**MIMI MILLER, ESQUIRE**        **FOR THE COMMONWEALTH**
**ASSISTANT DISTRICT ATTORNEY**

**JOSEPH A. RATASIEWICZ, ESQUIRE**        **FOR DEFENDANT**
**CASAMENTO & RATASIEWICZ, PC**

**OPINION, TYLWLAK, P.J., DECEMBER 28, 2022.**

On April 23, 1999, Defendant Luis Albert Rivera was charged with one count

of Rape-Forcible Compulsion, 18 Pa.C.S.A. §3121 (F1); one count of Deviate Sexual

Intercourse-Forcible Compulsion, 18 Pa.C.S.A. §3123(a)(1) (F1); one count of

Sexual Assault, 18 Pa.C.S.A. §3124.1 (F2); one count of Indecent Assault-Lack of

Consent, 18 Pa.C.S.A. §3126 (a)(1)) (M2); and one count of Indecent Assault-

Forcible Compulsion, 18 Pa.C.S.A. §3126(a)(2) (M2)[1] for acts which occurred on

---

[1] Counts 1 through 5, respectively.

April 22, 1999. At the bottom of the Information, it is noted that "[t]he above stated crimes are enumerated as Megan's Law offenses according to 42 Pa.C.S.A. §9793." (Information filed August 6, 1999).

On May 31, 2000, Defendant entered a plea of guilty to the charges of Sexual Assault and Indecent Assault pursuant to a negotiated plea agreement. The terms of the negotiated plea agreement were set forth in Defendant's written Guilty Plea Colloquy as: "36 months to 72 months + 4 yrs state supervised probation" (Exhibit "B" to Commonwealth's Response to Petition for Review and Enforcement of Plea Agreement, Para. 26(a)-(b)). In Paragraph 26(c) of the written Guilty Plea Colloquy, Defendant indicated that he understood the terms of the Plea Agreement. (Exhibit "B" to Commonwealth's Response to Petition for Review and Enforcement of Plea Agreement, Para. 26(c)). The Court's Order accepting the guilty plea notes the plea agreement as "Cts #3 and #4 – 36 mos. To 72 mos. Plus 4 yrs. State supervised probation." (Order of Court dated May 31, 2000). Upon the Commonwealth's Motion, the charges of Rape (Count 1), Involuntary Deviate Sexual Intercourse (Count 2), and Indecent Assault-Forcible Compulsion (Count 5) were *nolle prossed* at Sentencing on July 26, 2000.

Megan's Law I was in effect at the time of Defendant's guilty plea. Under that Law, an individual convicted of Rape and/or Involuntary Deviate Sexual

2

Intercourse was required to register with the Pennsylvania State Police ("PSP") for a period of ten years; however, neither of the offenses to which Defendant pled guilty carried a registration requirement under that version of the statute. Megan's Law II became effective July 9, 2000 prior to Defendant's Sentencing on July 26, 2000. Under Megan's Law II, the offense of Sexual Assault was added as an offense which required lifetime registration.[2]

Megan's Law II was still in effect at the time Defendant was paroled in April 2003. The Special Conditions governing his parole provided, in part: "You shall abide by the conditions established for sex offender supervision and treatment—mandatory." (Exhibit "C" to Commonwealth's Response to Petition for Review and Enforcement of Plea Agreement) Defendant began registering with the PSP Megan's Law Division at the time of his parole.

On December 3, 2012, Defendant was notified by the PSP that he was designated a Tier 3 lifetime registrant pursuant to Act 111 of 2011 and Act 91 of 2012 of Megan's Law III. In 2017, he was notified that he was no longer required to register after the Supreme Court of Pennsylvania found the requirements of the first version of the Sex Offenders Registration and Notification Act ("SORNA

---

[2] Under Megan's Law II, the crime of Indecent Assault, when graded as a first-degree misdemeanor, carried a ten-year registration period.

3

I") to be punitive and unconstitutional when applied *ex post facto* in *Commonwealth v Muniz*, 163 A.2d 1189 (Pa. 2017).

In February 2018, Defendant was notified that he was again required to register pursuant to Act 29 of 2018 HB 631, the second version of SORNA ("SORNA II") which was enacted in response to *Muniz*. SORNA II divides sex offender registrants into two distinct subchapters—Subchapter H and Subchapter I. Subchapter H includes individuals who were convicted for an offense that occurred on or after December 20, 2012 and whose registration requirements had not yet expired. *See* 42 Pa.C.S. § 9799.11(c). Subchapter I includes individuals who were convicted for an offense that occurred "on or after April 22, 1996, but before December 20, 2012," or who were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired. *See* 42 Pa.C.S. § 9799.52.

Defendant has filed a Petition for Review and Enforcement of Plea Agreement contending that this registration requirement is contrary to the Plea Bargain upon which he entered his guilty plea. In his Petition, Defendant avers "[t]hat on May 31, 2000, pursuant to negotiations and a plea agreement with the Commonwealth, Defendant/Petitioner entered a negotiated guilty plea to both charges which result in imprisonment for 36 months to 72 months, no contact

4

with the victim and having to register with the PA State Police for ten (10) years under the then existing Megan's Law in Pennsylvania." (Petition for Review and Enforcement of Plea Agreement, Para. 3) In its Response to the Petition, the Commonwealth denied that allegation. (Commonwealth's Response to Petition for Review and Enforcement of Plea Agreement, Para. 3) In New Matter, the Commonwealth averred that "[t]here was no mention of a ten (10) year registration requirement." (Commonwealth's New Matter, Para. 17) In response to Paragraph 17, Defendant stated "AGREED." (Petitioner's Answer to Respondent's New Matter, Para. 17).

We conducted a hearing on Defendant's Petition on April 27, 2022. At the hearing, Defendant presented only legal argument and provided no testimony or additional evidence in support of his position. Defense Counsel clarified Defendant's argument in the following exchange with the Court:

> THE COURT: Well, I actually had a question. I did read your petition or your motion, Mr. Ratasiewicz, and I read the Commonwealth's response, and I saw what the allegation was. The allegation is that there was an agreement that there would only be a ten-year registration. I looked at the written guilty plea and I didn't see anything at all mentioned in the guilty plea about any kind of agreement about what the registration period would be.
>
> So I was curious if this argument is based purely on what the state of the law was at that time and what Megan's Law said or are you asserting that there was an actual agreement that the registration would only be ten years and it just didn't make it on the guilty plea form.

5

...

Mr. Ratasiewicz: And I read their new matter, their Response in New Matter, and they are correct on one thing. The charge at 31.24 (sic), which is what Mr. Rivera pled to, at the time under Megan's Law 1 was not actually one of the crimes listed. So the argument would be slightly different than what we put in our petition in the sense that we're arguing that the law, at the time, there was no Megan's Law.

There are some cases – and I've handed a copy of the case, Commonwealth versus House. Even though it's a nonprecedential decision, it references two other cases that are precedential and it stands for the premises that it's – regardless of what was negotiated, whatever the plea was at the time must be enforced. So our argument basically is that since there at the time was no Megan's Law for this type of crime, he shouldn't be required to register.

(N.T. at 2-5).

The transcript of the hearing has been lodged, the parties have file Briefs and Reply Briefs in support of their respective positions, and the matter is now before us for disposition.[3]

Defendant argues that his plea agreement was structured so that he would not have to register, that non-registration was a material part of his plea bargain, and that he is entitled to specific performance of that plea bargain. He reasons that since the crimes to which he pled guilty carried no registration requirement

---

[3] The Court has attempted to have the transcripts of Defendant's oral Guilty Plea and Sentencing from 2000 prepared to see whether there was any specific discussion regarding registration at those proceedings. However, it appears that the stenographer's notes from those proceedings are no longer available.

6

at the time of the entry of his guilty plea, he is not now subject to any registration requirement. The Commonwealth argues that Defendant is required to register as he was still under supervision at the time of the enactment of the statutes requiring registration for his offense. The Commonwealth further argues that Defendant's plea agreement had no effect on this obligation because it did not specifically provide that he would not be subject to sex offender registration requirements.

Plea bargaining is favored by the Courts in Pennsylvania and defendants who pled guilty pursuant to a negotiated plea agreement are entitled to specific performance:

> Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, ... is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.... A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.
>
> * * *
>
> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what

7

promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.

*Commonwealth v. Farabaugh*, 136 A.3d 995, 1001-02 (Pa. Super. 2016) (internal citations and quotation marks omitted).

[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement.... If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the plea agreement.

... Further, as is true of all contracts, "[t]he laws that are in force at the time the parties enter into a contract are merged with the other obligations that are specifically set forth in the agreement. Statutes generally should not be applied retroactively to a contractual relationship where the application would alter existing obligations."

*Commonwealth v. Martinez,* 147 A.3d 517, 533 (Pa. 2016).

8

Defendant relies on several cases in which a plea agreement has been enforced with regard to registration requirements. In *Commonwealth v. House*, 253 A.3d 306 (Pa. Super. 2021) (non-precedential decision), the defendant was found to be entitled to the ten-year registration period which was specifically referred to in his plea agreement. In *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa. Super. 2013), the defendant pled guilty to several crimes, none of which required registration at the time of the guilty plea. Other charges which would have imposed a registration requirement were withdrawn by the Commonwealth. Later, he was notified that he was required to register under a subsequent version of Megan's Law. The court found that non-registration was a condition of the defendant's plea agreement and granted specific performance. The court found that the defendant was not required to register because, at the time of the entry of the guilty plea, the Commonwealth stated on the record several times that the defendant would not be required to register as a sex offender. In *Commonwealth v. Nace*, 104 A.3d 528 (Pa. Super. 2014), the defendant's plea agreement specifically called for a ten-year registration period. The subsequent version of Megan's Law required that he register for twenty-five years. It was held that when the plea agreement called for a specific amount of time, that time could not be enlarged by the provisions of the subsequent law. In *Commonwealth v.*

*Partee*, 86 A.3d 245 (Pa. Super. 2014),[4] the defendant had entered a nolo contendere plea pursuant to a negotiated plea agreement in 2007. The Commonwealth withdrew several other related offenses and the defendant was sentenced to intermediate punishment followed by four years' probation. He was resentenced to a term of incarceration after a probation violation in 2010. SORNA became effective in 2012 while the defendant was still under supervision. Under that Act, which provided that it was applicable to individuals under supervision, the defendant was designated as a Tier II offender subject to a twenty-five year registration period. The defendant filed a motion to enforce his plea agreement, arguing that a ten-year registration requirement was an essential term of his agreement. The court noted that there was no indication that the defendant had bargained for non-registration as part of his plea. However, it was held that he could not be subject to the enlarged period of registration as his Megan's Law obligation were discussed on the record at sentencing and his written Megan's Law form specifically indicated a ten-year period.

In *Commonwealth v. Moose*, 245 A.3d 1121 (Pa. Super. 2021), the Superior Court examined these and other cases involving the enforcement of plea

---

[4] In *Commonwealth v. Fernandez*, 195 A.3d 299 (Pa. Super. 2018), the court recognized that *Partee* was abrogated by *Muniz,* in that defendants were not required to comply with the new registration requirements sought to be imposed by SORNA I, and that the original periods of sexual offender registration and conditions would be reinstated at resentencing upon a violation of a defendant's probation.

10

agreements with regard to registration requirements. It noted that pre-*Muniz*[5],

registration was considered a collateral consequence of a guilty plea as those

conditions were considered to be non-punitive and unrelated to the length or

nature of the sentence. However, in *Muniz*, the Pennsylvania Supreme Court

decided that a defendant is entitled to serve the registration terms set forth in

their plea agreements rather than those later prescribed by SORNA I based on its

conclusion that sex offenders registration requirements under SORNA I were not

a collateral consequence of a guilty plea, but constituted a punishment which

would increase the defendant's sentence which could not be applied

retroactively. After considering the various cases, the *Moose* court concluded:

> In sum, our review of the plea enforcement cases, together with the more recent decisions applying *Muniz*, discussed herein, clarifies that a petitioner's negotiated guilty plea precludes subsequent application of a punitive registration scheme because it would effectively alter the petitioner's agreed-upon sentence. This is so even where a negotiated plea agreement is silent regarding sex offender registration. Moreover, where a petitioner pleads guilty in exchange for a specific sentence, he is entitled to the benefit of that bargain.

> Given the factual and procedural circumstances of this case, we decline to apply the reasoning suggested in the *Johnson* case that, in all instances, the absence of a specific term in a plea agreement precludes a party from obtaining relief. **See** *Johnson,* 200 A.3d at 968 (stating that "we cannot apply *Muniz* via a plea enforcement theory, as the parties could not structure the plea to accommodate law that did not exist"). When a registration requirement is punitive, it effectively increases a defendant's

---

[5] *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).

agreed-upon criminal sentence. Such an increase would not only violate ex post facto principles, but would alter a fundamental term of the bargain as to the sentence. As this Court noted in *Farabaugh*, "we refuse to allow [a petitioner's] plea bargain to be reformed with the addition of new conditions which did not exist when he entered the plea agreement. To do otherwise would play 'gotcha' with a revered and favored method of resolving criminal cases." *Farabaugh* 136 A.3d at 1003 (citations omitted). In other words, because punitive registration requirements constitute "criminal punishment," a petitioner may avoid such requirements by demonstrating that application of those requirements would exceed the terms of his agreed-upon sentence. **See *Farabaugh*** 136 A.3d at 1003.

However, when a registration scheme is not punitive, it constitutes a collateral consequence of a guilty plea. See *Hart*, 174 A.3d at 667. Further, because non-punitive registration requirements are not criminal punishment, they would not materially alter a negotiated term establishing a petitioner's criminal sentence. See *Lacombe*,[6] 234 A.3d at 606; see also ***Commonwealth v. Smith,*** 240 A.3d 654, 658 (Pa. Super. 2020) (discussing *Lacombe* and *Leidig* and reiterating that "non-punitive, administrative requirements are merely collateral consequences of a criminal conviction"). Under these circumstances, a petitioner must demonstrate that non-registration, or a specific term of registration, was part of the negotiated plea. See ***Hainesworth***, 82 A.3d at 448 (stating that "the dispositive question is whether registration was a term of the bargain struck by the parties"); see also ***Martinez,*** 147 A.3d at 531; see also ***Johnson***, 200 A.3d at 969.

***Commonwealth v. Moose***, 245 A.3d at 1132-1133. The court held that the

defendant was not required to register under SORNA I, but remanded for the trial

court to determine his registration obligations, if any, under SORNA II.

---

[6] ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020).

The ***Moose*** holding is in line with the Pennsylvania Supreme Court's decision in ***Martinez*** with regard to a petitioner whose situation was similar to those of Defendant in this matter. In ***Martinez***, the Supreme Court addressed the appeals of three petitioners, one of whom had pled guilty to crimes which did not require a registration requirement at the time of the guilty plea, but required registration under subsequent legislation. That petitioner had alleged that non-registration was a material part of his plea agreement and the Commonwealth stipulated to the contents of the petition. Based on that stipulation, the court found that non-registration had been a material part of the plea bargain and that the petitioner was therefore entitled to enforcement of that term.

In this matter, Defendant is required to register under SORNA II. In ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court held that Subchapter I of SORNA II does not constitute criminal punishment and does not violate the constitutional prohibition against *ex post facto* laws. Thus, we are required to consider the issue of whether Defendant's negotiated plea agreement abrogates his obligation to register as a sex offender, *i.e.,* whether non-registration was a material part of his bargain.

Defendant claims that his plea bargain was structured to eliminate any registration requirement under Megan's Law as he pled guilty to only crimes for

13

which there was no registration requirement and two crimes for which

registration obligations would attach were *nolle prossed* at his Sentencing.

However, this is a different situation than the circumstances which were present

in *Hainesworth, Partee* and *Nase*. In all three of those cases, it was either

specifically noted on the record that the defendant would not be subject to

registration or to a lesser period of registration which was specifically noted when

the terms of the defendant's negotiated plea agreement were discussed with the

Court. [7]

The notes of the plea bargain contained in the written Guilty Plea colloquy

and the Order accepting the Guilty Plea make no reference to registration at all.

By the time of Sentencing, Megan's Law II had come into play and provided

registration requirements for the offense of Sexual Assault to which Defendant

had pled guilty, yet there is nothing of record to indicate that the registration

requirement would be inapplicable. Defendant presented no testimony or

documentation to support his position but relies solely on the fact that

---

[7] We have no such indication on the record here. Transcripts of Defendant's oral Guilty Plea and Sentencing from 2000 were not requested or prepared prior to Defendant filing this Motion. The Court has attempted to obtain those transcripts; however, it appears that the stenographers' notes are no longer available. The unavailability of the transcripts of Defendant's Guilty Plea and Sentencing places both parties and the Court at a disadvantage as there is no indication of whether registration was brought up or discussed at the Guilty Plea hearing as a condition of the plea agreement and/or whether registration was discussed at Sentencing.

14

registration was not required for these offenses when he entered his guilty plea. We would believe that had the parties negotiated the registration requirement as part of his plea bargain, there would have been some type of testimony or additional documentation submitted for our consideration.

In addition, Defendant agreed that he would comply with sex offender treatment and supervision as a condition of his parole. He complied with this condition when he registered with the PSP upon his release on parole without objection. We cannot help but believe that if non-registration had been a term of his plea agreement, he would have raised the issue at that time.

Although we must construe any ambiguity in favor of Defendant, we cannot say that any ambiguity exists here. The terms of the plea bargain were clearly set forth in the written Guilty Plea Colloquy signed by Defendant and in the Order accepting Defendant's Guilty Plea. No reference to registration or non-registration was included. Under these circumstances, we cannot say that non-registration was part of Defendant's negotiated plea agreement. The registration requirements of SORNA II are not punitive and would not extend the term of Defendant's sentence. Thus, we believe his registration obligation pursuant to SORNA II is appropriate and we will deny his Petition.

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA

2022 DEC 28 P 1: 09

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NO. CP-38-CR-594-1999 |
| | : | |
| v. | : | |
| | : | |
| LUIS ALBERT RIVERA | : | |

## ORDER OF COURT

AND NOW, this 28th day of December, 2022, upon consideration of

Defendant's Petition for Review and Enforcement of Plea Agreement, the

Commonwealth's Response thereto, and the Briefs submitted by the parties, it is

hereby Ordered that said Petition is DENIED.

**BY THE COURT:**

_____, P.J.
**JOHN C. TYLWALK**

**JCT/jah**
**Cc: Mimi Miller, Esquire/Assistant District Attorney** – ᴵO
   **Joseph A. Ratasiewicz, Esquire/Casamento & Ratasiewicz, PC/4 West Front**
      **Street/Media, PA 19063** – mail
   **Leslie Fillak/Court Administration** – ᴵO
   **Judith Huber, Esquire/Law Clerk** – ᴵO

PURSUANT TO Pa.R.Crim. P. 114
All parties are hereby notified
this date: 12/28/22
Clerk of Courts, Lebanon, PA

