**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL JACKSON | : | |
| | : | |
| Appellant | : | No. 1018 WDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0010330-2018

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED: MAY 31, 2024**

Earl Jackson ("Jackson") appeals *pro se* from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant factual and procedural history as follows:

> [Jackson] entered a plea of guilty in . . . November [] 2019, pursuant to a negotiated plea agreement, for a fifteen[-]to[-]thirty[-]year sentence of incarceration for third[-]degree murder and no further penalty [for related] firearms charges.  [Jackson] [did not] file a direct appeal[,] but subsequently filed a ["]Request for Status of Notice to Withdraw Guilty Plea.["]  Thereafter, [i]n December [] 2020, [Jackson] filed a supplemental PCRA [petition], and counsel [("PCRA counsel")] was appointed.
>
> [Jackson] raised eighteen claims in his PCRA [petition,] in which a majority of those claims center[ed] around allegations as

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

to the strength and/or veracity of the evidence if he would have proceeded to trial. . . ..

\* \* \* \*

[Relevant to the present appeal, Jackson] claim[ed] his guilty plea should be withdrawn because "the Commonwealth failed to live up to their end of the deal by not returning his property back." . . . At the time of the plea, the terms of the plea agreement were placed on the record by the parties wherein a term of the plea was for [Jackson] to be returned his personal property. The items were and remain available for pickup by [Jackson] or a designated representative; however, per PCRA counsel's [later] investigation, no . . . amount of money, which [Jackson] claims was not returned, [had been] seized.

Notice of Intention to Dismiss, 2/15/22, at 1, 4 (unnecessary capitalization omitted). PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A2d 213 (Pa. Super. 1988) (*en banc*), and affixed the letter to a motion to withdraw. **See** Motion for Leave to Withdraw, 1/27/22, at Ex. 1, pp. 11-12. PCRA counsel indicated he went to the City of Pittsburgh Police Department, discovered that police had a "ball cap, some clothing, a cell phone, and a glove" available for pickup by Jackson, and there was no money nor record of any monetary amount being seized from Jackson. **See id**. at 11. After counsel's motion to withdraw and no-merit letter, the PCRA court issued a notice of intent to dismiss and granted PCRA counsel's motion to withdraw. **See** Notice of Intention, 2/15/22, at 5. Following Jackson's *pro se* response

J-S46035-23

to the Rule 907 notice, the PCRA court denied Jackson's petition. **See** Order

5/17/22. This appeal followed.[2]

Jackson raises the following issues for our review:

Did [the lower court err in dismissing Jackson's petition in which he alleged] the Commonwealth [had] breach[ed] a specific term of the negotiated plea agreement when [Jackson's] Android LG V30 cell-phone and three hundred dollars . . . w[ere] not returned to him, per the plea agreement and the order of the court?

Jackson's Brief at 6.

Generally, our standard of review of an order denying a PCRA petition

is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

[2] Jackson appealed the May 17, 2022 order denying his PCRA petition on August 30, 2022. Thus, Jackson's appeal is facially untimely. However, we note the certified docket indicates service on Jackson's PCRA counsel, who had previously been granted leave to withdraw, but no service on Jackson. In these circumstances, we may find Jackson's appeal timely filed. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000); **cf**. Pa.R.Crim.P. 114(C)(2)(c) (requiring the trial court docket to contain the date of service of a court order); Pa.R.A.P. 108(a)(1) (time computation begins from the date the clerk of courts mails a copy of an order to the parties); **see also Commonwealth v. Carter**, 122 A.3d 388, 390-92 (Pa. Super. 2015) (stating that the appeal period does not run until the clerk of courts mails or delivers copies of the order to the parties).

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Here, although Jackson's *pro se* petition raised numerous PCRA claims, he focuses his appellate issue on the Commonwealth's alleged breach of the plea agreement by failing to return his personal property to him. A "collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." *Commonwealth v. Kerns*, 220 A.3d 607, 611–12 (Pa. Super. 2019) (internal quotations omitted). That is, "if there is a plea bargain to enforce, review of a genuine petition for specific performance of a plea agreement remains outside the aegis of the PCRA." *Id*. at 616. Thus, Jackson's claim is not cognizable under the PCRA and therefore he is ineligible for PCRA relief. *See Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011).[3] However, the "designation of the petition does not preclude a court from deducing the proper nature" of a claim and addressing that claim. *Kerns*, 220 A.3d at 612. Additionally, just as there is no absolute right to a hearing on a PCRA petition, *see Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008), there is likewise no such right for a motion for

---

[3] We reiterate that Jackson's petition did raise PCRA claims, including a claim of ineffective assistance of plea counsel with respect to his personal property. However, aside from attaching a page from his petition to his brief, Jackson has not developed any claim that the lower court erred in dismissing his PCRA claims. *Compare* Jacksons' Brief at 11-16 *with* Exhibit C.

specific performance of a petition to enforce a plea agreement. ***See Kerns***, 220 A.3d at 615.

If the term of a plea agreement is legally possible to fulfill when the parties enter the plea agreement, the parties and the court must abide by the terms of the agreement. ***See id***. If a prosecutor is unable ***as a matter of law*** to fulfill a promise, the breach of the plea agreement "renders the defendant's guilty plea unknowing and involuntary. In this circumstance, the defendant is allowed to choose the relief awarded, that is, whether to withdraw the guilty plea or to effectuate specific performance of the plea agreement." ***Commonwealth v. Gillins***, 302 A.3d 154, 163 (Pa. Super. 2023). "A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication." ***Commonwealth v. Farabaugh***, 136 A.3d 995, 1001-02 (Pa. Super. 2016) (internal citation omitted).[4]

Jackson argues an Android LG V30 cell phone and $300 were seized from him and not returned following his guilty plea, despite his agreement with the Commonwealth that his personal property, other than a seized firearm, would be returned to him. ***See*** Jackson's Brief at 11-16.

---

[4] Insofar as this Court must construe the language of the plea agreement to ascertain what exactly constitutes the plea bargain, this Court's standard of review is *de novo* and our scope of review plenary. ***See Kerns***, 220 A.3d at 612.

Insofar as Jackson claimed a breach of the plea agreement, we note the lower court made the following findings:

> At the time of the plea, the terms of the plea agreement were placed on the record by the parties wherein a term of the plea was for [Jackson] to be returned his personal property. The items were and remain available for pickup by [Jackson] or a designated representative; however, per PCRA counsel's investigation, no . . . amount of money, which [Jackson] claims was not returned, was seized. [Jackson] has failed to provide any proof to substantiate his claim. As such, the claim is meritless.

Notice of Intention to Dismiss, 2/15/22, at 4. The PCRA court's findings are based on PCRA counsel's **Turner**/**Finley** letter in which PCRA counsel explained as follows:

> At this point, [Jackson] argues that the property was never returned. Specifically, he says that $300 and a cell phone were not returned to him. This argument has no merit. Counsel spoke to Officer Vargo of the City of Pittsburgh Police Department in the inventory department. Officer Vargo indicated that the items in storage for [Jackson] were a ball cap, some clothing, **a cell phone** and a glove. Also, Officer Vargo indicated that there was a "DVR" item in storage, which [plea counsel] picked up for [Jackson]. There was no indication of $300 ever held at the City of Pittsburgh Police Department[,] according to the records from Officer Vargo. There is no indication that this was a part of the agreement or that there ever was $300 taken as part of the seizure. [Jackson] fails to prove that $300 was seized and not returned. . ..
>
> **The remaining items are available for [Jackson's] pick-up.** In fact, [Jackson] had his prior counsel go to police headquarters to get his inventory. Any remaining items have been available for [Jackson] to retrieve at police headquarters. This is not the Commonwealth failing to live up to their end of the plea deal, but rather, it is [Jackson] not acting upon the agreement. This claim has no merit.

Motion for Leave to Withdraw, 1/27/22, at Ex. 1, pp. 11-12 (emphases added).

Following our review, we conclude Jackson is due no relief. Although Jackson insists that the Commonwealth failed to honor its agreement to return all of his personal property, he points to nothing in the record contradicting the lower court's conclusion that the phone was available for pick up. As to the $300, Jackson provided no evidence that the $300 existed and the police seized the $300. Instead, Jackson baldly asserts that the police failed to document the seizure of the $300 and that "audio/video evidence," which he never received, would establish the existence seizure of the $300. **See** Jackson's Brief at 13-14, 15. Furthermore, Jackson has not established that the terms of the plea agreement included the return of any specific item, such as a phone or cash. Thus, we perceive no basis to conclude that Jackson set forth a viable claim that the Commonwealth breached its obligations under the plea agreement.

For these reasons, we agree with the lower court that Jackson is not entitled to specific performance or a withdrawal of his guilty plea, and we affirm the order denying relief on this claim and dismissing Jackson's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/31/2024